### TAX COMMISSION v CANBY

Ohio Common Pleas, Montgomery Co

Decided June 9, 1938

R. William Patterson, Dayton, for appellant.

Legler & Murray, Dayton, for appellee.

## OPINION

By CECIL, J.

This case comes before the court upon a motion of the appellee, Frank Canby, as executor of the estate of Frederick P. Beaver, to dismiss the appeal of the appellant filed herein for the reason that the court has no jurisdiction to hear it.

The record dicloses that on February 2, 1938, Hodapp, J., of this court "ordered that the case be docketed, and that the clerk of the Probate Court file a transcript of the docket and journal entries in the case of Frederick P. Beaver, deceased." This order is based upon appellant's application of the same date, alleging that the clerk of the Probate Court inadvertently failed to prepare and file a transcript within ten days from the date of filing notice of appeal, as prescribed by §12223-8, GC.

The record further shows that the transcript of the docket and journal entries, and the original papers from the Probate Court of Montgomery county, Ohio were filed on February 2, 1938. Further facts as shown by the record are:

December 9, 1937.—Exceptions to inheritance tax finding sustained in full by Probate Court;

December 24, 1937.—Notice of appeal to Common Pleas Court filed in Probate Court;

January 4, 1938.—Second day of next term after notice given;

February 2, 1938.—Transcript of docket and journal entries filed in this court.

It is claimed in the memorandum of appellant that on September 24, 1938, a praecipe for transcript was filed in the Probate Court with one of the deputies of said court; that said deputy informed counsel for appellant that if he were reminded later in the day, he would assume the responsibility of preparing the transcript, and the filing of it in the Common Pleas Court; that although counsel for appellant did remind said deputy, he failed to carry out his promise; that when this was called to the attention of counsel five weeks later, the transcript had not been filed in the Common Pleas Court, and upon demand it was found that said transcript had not even been prepared. There is no evidence in this case to support these facts as alleged in appellant's brief. However, for the purpose of this decision, we will assume that they are true.

Counsel for appellee claims that the court is without jurisdiction for the reason that the appeal has not been perfected as required by law. The basis of this contention is:

First.—That if the appeal is one upon questions of law and fact, it is not made in accordance with §10501-56 to 10501-61, incl., as required by §12223-3, GC, and

Second.—If it is an appeal upon questions of law, no bill of exceptions has been filed according to law.

There is no claim made by counsel for appellant that it is an appeal upon questions of law, and while the notice of appeal does not state whether it is an appeal upon questions of law and fact or upon questions of law, we take it that it was intended to be an appeal upon questions of law and fact.

Subdivision 3 of §12223-1 GC, defines appeal on questions of law and fact as follows:

"Shall be construed to mean a rehearing and retrial of a cause upon the law and the facts and shall include all the proceedings heretofore and otherwise designated as an appeal, and shall be the same as may be designated by the phrase 'Appeal on questions of fact'."

### Sec 12223-3, GC provides:

"Every final order, judgment or decree of a court * * * may be reviewed as hereinafter provided, unless otherwise provided by law, except that appeals from judgments of Probate Court * * * upon questions of law and fact shall be taken in the manner now provided for in §§10501-56 to 10501-61, incl., GC * * *"

The question arises then as to whether or not this section provides the exclusive procedure for appeals upon questions of law and fact from the Probate Court. The claim of counsel for the appellant is that §10501-56 provides what cases may be appealable from Probate to Common Pleas Court and since it does not enumerate judgments relating to inheritance tax matters, it is not applicable to the case at bar, and that other sections of the appellate procedure are applicable. Such a construction would give the appellant the advantage of the provision of §12223-8 GC which reads as follows:

"In the event the transcript and papers are not filed within said time either party may apply to the court to which the ap-

peal is taken to have the case docketed and the court shall order them filed."

The respective claims of counsel would lead to two conclusions. If §12223-3 GC is exclusive, then there could be only such appeals from the Probate Court on questions of law and fact as are enumerated in §10501-56, GC and if a judgment or order does not fall within the category of those enumerated therein, there would be no appeal. The other conclusion would be that all judgments or orders not enumerated in §10501-56, GC would be appealable on questions of law and fact as all other cases are under the appellate procedure.

In support of appellant's contention, counsel refers to §12223-7, GC which reads in part as follows:

"The period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows: •
1. In appeals to the Supreme Court, to Courts of Appeals, or from Municipal Courts and from Probate Courts to Courts of Common Pleas, within twenty (20) days."

It is argued that this is broad enough and is intended to include cases not enumerated in §10501-56, GC. Sec 12223-22 provides:

"Appeals on questions of law and fact may be taken:
1. From any court, tribunal, commission or officer to any court of record as may be provided by law."

Sec 12223-23, GC provides.
"A judgment rendered or final order made by * * * any other tribunal, * * * exercising judicial functions, and inferior to the Common Pleas Court, may be reversed, vacated, or modified by the Common Pleas Court upon an appeal on questions of law."

Sec 12223-22, GC requires that appeals on questions of law and fact must be taken as provided by law, which refers us back to §12223-3, GC to the language:
"except that appeals from judgments of Probate Courts * * * shall be taken in the manner now provided for in §§10501-56 to 10501-61, incl., GC."

Sec 12223-23, GC above quoted provides for appeals on questions of law from the Probate Court to the Common Pleas Court. It is the latter that are referred to in our judgment, by §12223-7, GC above quoted. Such construction seems to us to make for consistency, whereas a construction as claimed by appellant that there are two kinds of appeals upon questions of law and fact from the Probate Court, would make for confusion and would be an unreasonable construction of the intention of the Legislature.

We arrive at the conclusion that §12223-3, GC is conclusive as to the procedure for appeals upon questions of law and fact from the Probate Court. This is supported by **In Re Estate of Mary Helfrich**, 3 OO 162. Whether or not §§10501-56 and 12223-3, GC allows an appeal on questions of law and fact on an order for judgment involving inheritance tax, we are not called upon to say. Appeal is statutory, and not a matter of right. Assuming that such an appeal is included within the enumeration made in §10501-56, GC it is incumbent upon counsel for appellant to follow the practice provided by statute.

Sec 10501-60, GC fixes the duty upon the appellant to file transcript of the docket and journal entries with the clerk of the Common Pleas Court on or before the second day of its next term, after such bond or notice was given. This provision is mandatory upon counsel for defendant, and is jurisdictional. See **Shepfer v Hannencrat et 1 OO 19**; In the matter of the assignment of **Anna S. Sears, 5 O. N. P. 116; Downing, executor v Downing et 3 O. C. C. (N.S.) 623.**

The rule that "an act of the court shall prejudice no man," is not applicable where the law imposes a duty upon counsel. See In the matter of the Assignment of Anna S Sears, **supra.**

In conclusion, our findings are that counsel for appellant has attempted an appeal upon questions of law and fact; that such an appeal from the Probate Court is governed exclusively by §12223-3, GC and being so governed, the time for filing the transcript cannot be enlarged by §12223-8, GC and finally that appellant did not file the transcript of the docket and journal entries in the time required by §10501-60, GC.

The appeal is, therefore, not perfected according to law and should be dismissed.